James J. VENTMILLER, Sr., Plaintiff,

v.

PITTSBURGH AND LAKE ERIE RAIL-
ROAD COMPANY, a corporation,
Defendant.

Civ. A. No. 60–661.

United States District Court
W. D. Pennsylvania.

Dec. 10, 1963.

John DeMay, McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

Chauncey Pruger, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

The plaintiff has filed a motion to amend findings of fact and judgment, and a motion for new trial as to damages. In support of his motion, the plaintiff contends that this Court, sitting without a jury, awarded the plaintiff inadequate compensation based upon the evidence.

This action was filed against the defendant, Pittsburgh and Lake Erie Railroad Company, under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for injuries sustained by the plaintiff in an accident caused by defendant's negligence.

During the trial of the case, the parties introduced evidence establishing that the plaintiff was employed by the railroad as an electrical welder engaged in the work of repairing railroad cars in the railroad's "Y" yards located at McKees Rocks, Pennsylvania; that the injury occurred while the plaintiff was moving an electrical welding machine which plaintiff had been using; that the plaintiff moved the machine alone because he was unable to procure assistance from others, as he should have done; that the defendant maintained depressions in the work or maintenance way which were not readily visible by the plaintiff; that such depressions resulted because of the failure of the defendant to properly maintain such ways; that the plaintiff was instructed not to move welding machines without aid of other employees or the tractor; that the defendant failed to have other employees or tractors available when the plaintiff needed them; that in order to avoid possible scolding, the plaintiff attempted to move the welding machine, nevertheless; that in the course of pushing the machine, one of the wheels moved into a depression causing a jerk which resulted in an injury to plaintiff's back and a hernia condition which did not appear until about three months after the accident; that despite such injury, plaintiff continued to work during the succeeding four months or until June 20, 1960, when he sought medical treatment for his injuries; that he remained away from work from June 20, 1960 until September 10, 1960, when he returned to his employment for a few days; that he was unable to continue employment because his own doctor would not give him an unqualified release; that he was subsequently hospitalized for two brief periods in November of 1961 for complications and aggravation related to his hernia condition; that as a result of his back injury he sustained a 35% loss in the use of his back and that he was unable to perform the heavy work of his former occupation; that he had not attempted any lighter work; that no evidence was presented during the trial to establish plaintiff's earning power beyond the age of 65; and that on the basis of his last employment, plaintiff's earnings were $5400.00 annually or $103.84 weekly.

This Court found for the plaintiff; however, it also found that the plaintiff had contributed to the negligence of the defendant to the extent of 50% of the negligence as incurred and that he should be allowed 50% of the verdict as found. This Court concluded that the plaintiff suffered damages in the amount of $14,739.56 and awarded plaintiff 50% of such damages, or $7,369.78.

Because no record has been transcribed in this case in order to make a determination upon the motion of the plaintiff, I must rely upon my own notes and memory in order to revive the facts as presented at the time of trial.

In his motion, the plaintiff bases his argument in the main upon the contention that the Court erroneously arrived at its award because the Court failed to properly compute plaintiff's loss of earnings and loss of earning power in the future.

Specifically, the plaintiff argues that the Court found that the plaintiff was 35% disabled but that the Court did not take into consideration the fact that such disability caused the plaintiff to be completely prevented from doing the heavy work which was required in his last job and to which he had been accustomed in previous times. The difficulty with this argument of the plaintiff is that it ignores the entire evidence as fully presented.

In reaching its final conclusion, the Court considered all the various elements of damages established by the evidence and occasioned the plaintiff by the injury in question which also caused him impairment or reduction of earning power in the future.

In making its evaluation the Court considered the age of the plaintiff, the nature of his employment, his past application to his employment, his aptitude towards his work, the regularity of his employment, his ability to do different types of work, the nature of his impairment or incapacity to do work, his education, skill and experience and other similar factors. The Court aslo considered the plaintiff's testimony and his bearing and appearance on the stand.

After hearing the testimony as presented, the Court accepted plaintiff's evidence as to medical expenses incurred and loss of past earnings from the date of the accident until trial. However, while the Court decided that the plaintiff was entitled to compensation for loss of earning power, it could not accept, on the basis of the evidence, the plaintiff's contention that his loss of earning power amounted to the equivalent of a computation of what plaintiff's earning power could have been had he remained with the railroad until his normal retirement date.

The evidence further established that the plaintiff had been in and out of work for a number of years in the past. It was indicated that his reason for intermittent employment might have been due to a previous physical deficiency which the plaintiff suffered during the past number of years. There were, however, other indications that his loss of work was due to circumstantial factors. In any event, it is clear that the plaintiff had a previous back condition since 1947. In 1948, a Dr. Clements was treating him and gave him a certificate for angina pectoris and a back condition. At that time he received a letter so that he could get a disability pension. He worked variously for the railroad and as a scrap collector. He had a light job with the railroad from 1947 to 1949. He was unemployed from 1949 to 1952. He worked in the Sheriff's office from 1952 to sometime in 1953 or 1954 at which time he was on leave of absence from the railroad.

In making its determination for the future loss of earning power, the Court considered not only the immediate working status of the plaintiff, but also his past history and the other factors revealed by the plaintiff on the stand. The Court then approximated a figure on this case and arrived at an amount which was reduced to present worth and which in the opinion of the Court, as the trier of facts in the case, fairly and adequately awarded the plaintiff a fair, reasonable and just amount for his loss of future earning power.

The Court further took all the previously mentioned factors into consideration in making a determination for pain and suffering which it deemed reasonable and fair under the circumstances. Since the plaintiff was adjudged to be 50% contributorily negligent in this case, the Court reduced its award by 50%. It was in this manner that the final award was calculated. After reviewing its notes and all papers filed, the Court is still convinced that its reasoning in this case was proper. Therefore, the plaintiff's motion to amend the findings of fact and judgment and his motion for a new trial as to damages is denied.